IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Shanda Keefer,

    Plaintiff,

v.                   Case No. 2:07-cv-1205

Wiles, Boyle, Burkholder &
Bringardner, Co., LPA, et al.,     JUDGE MARBLEY

    Defendants.

and

Lisa Brightwell,

                       Case No. 2:07-cv-1288

v.

Wiles, Boyle, Burkholder &     JUDGE MARBLEY
Bringardner, Co., LPA, et al.,

    Defendants.

## OPINION AND ORDER

These consolidated cases are before the Court two consider two motions. First, plaintiff Shanda Keefer has moved to strike certain paragraphs of the defendants' answer in which they claim not to be debt collectors under the Fair Debt Collections Practices Act. Ms. Keefer contends that this defense is insufficient as a matter of law and should be stricken pursuant to Fed. R. Civ. P. 12(f).

The defendants include the law firm of Wiles, Boyle, Burkholder & Bringardner, L.P.A., as well as two members of that firm - Bruce H. Burkholder and Mark J. Sheriff. They oppose Ms. Keefer's motion to strike and have filed a motion for judgment on the pleadings in the consolidated action pursuant to Fed. R. Civ. P. 12(c). The motion for judgment on the pleadings is based

primarily on the same defense that is the subject of the Ms. Keefer's motion to strike, namely that the defendants are not debt collectors subject to the FDCPA.  In addition, the defendants' motion seeks judgment on the plaintiffs' Ohio Consumer Sales Practices Act claims partly on the basis that these claims are entirely derivative of the FDCPA claims and should be dismissed if the FDCPA claims are dismissed.  The defendants further contend that the OCSPA simply does not apply to their alleged activities in this case.

Prior to the consolidation of these two cases, the defendants also filed a cross-motion to dismiss Ms. Keefer's claims pursuant to Fed. R. Civ. P. 12(b)(6) in response to her motion to strike.  The arguments raised in the cross-motion have now been subsumed in the motion for judgment on the pleadings. Accordingly, the Court need not separately address the defendants' dismissal motion.

I.

Rule 12(f) of the Federal Rules of Civil Procedure provides in relevant part: "The court may strike from a pleading an insufficient defense... The court may act on its own; or upon motion made by a party ... within 20 days after being served with the pleading."  Fed. R. Civ. P. 12(f).

A motion to strike is in the nature of a motion to dismiss, and all well-pleaded allegations in the portion of the answer sought to be stricken must be accepted as true. See Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 821 (6th Cir. 1953).  In resolving the motion, matters outside the pleadings are not to be considered. United States v. Pretty Products, Inc., 780 F.Supp. 1488, 1498 (S.D. Ohio 1991); see also National Union Fire Ins. Co. of Pittsburg, Pa. v. Alexander, 728 F.Supp. 192, 203 (S.D.N.Y. 1989)("A motion to strike affirmative defenses is decided on the basis of the pleadings alone.").

Motions to strike a defense as insufficient are not favored. Pretty Products, 780 F.Supp. at 1498. A defense is legally insufficient if the defense cannot succeed under any set of circumstances. United States v. American Elec. Power Service Corp., 218 F.Supp.2d 931, 936 (S.D. Ohio 2002).

"Partly because of the practical difficulty of deciding cases without a factual record it is well-established that the action of striking a pleading should be used sparingly by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." Brown & Williamson, 218 F.2d at 821 (internal citation omitted). Even where technically appropriate and supported by law, such motions are rarely granted unless the moving party can show prejudice. Pretty Products, supra (citing 5A C. Wright & A. Miller, Federal Practice and Procedure §1380, at 655-56 (1990)). Moreover, courts are usually reluctant to determine a disputed or substantial question of law without affording the parties an opportunity to conduct discovery and be heard on the merits. See id.

## II.

Rule 12 of the Federal Rules of Civil Procedure provides, in relevant part:

> After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings
>
> ...
>
> If, on a motion under ... 12(c), matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(c),(d).

A motion for judgment on the pleadings attacks the

3

sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. <u>Amersbach v. City of Cleveland</u>, 598 F.2d 1033, 1038 (6th Cir.1979). In ruling upon such motion, the Court must accept as true all well- pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. <u>Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 479 F.2d 478, 480 (6th Cir. 1973).

### III.

It is plain from the authorities just cited that a motion to strike an insufficient defense and a motion for judgment on the pleadings must be decided on the basis of the pleadings alone. Matters outside the pleadings are not to be considered. In deciding the motion to strike, the Court must accept all well-pleaded allegations of the defendants' answer as true. Similarly, in deciding the defendants' motion for judgment on the pleadings, the Court must accept as true all well-pleaded allegations made by Ms. Keefer and Ms. Brightwell in their respective complaints. Because the standard is the same as that of a motion to dismiss pursuant to Rule 12(b)(6), the defendants' motion will not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1974 (2007). It is with this standard in mind that the parties' motions will be resolved.

### IV.

In their complaints, Ms. Keefer and Ms. Brightwell allege that they are consumers for purposes of both the FDCPA, 15 U.S.C. §§1692 <u>et seq.</u>, and the OCSPA, Ohio Rev. Code §§1345.01, <u>et seq.</u> They further allege that each of the defendants is a debt collector within the meaning of 15 U.S.C. §1692a(6) and a

"supplier" as defined by Ohio Rev. Code §1345.01(C). In their answers to both complaints, the defendants affirmatively state that they are not debt collectors under §1692a. In response to Ms. Keefer's complaint, they also attached a certification purporting to prove that Mr. Burkholder was appointed as special counsel to the Attorney General of Ohio for purposes of pursuing collection claims against, among others, Ms. Keefer. The defendants further deny that they are "suppliers" for purposes of the OCSPA.

The specific facts alleged in Ms. Keefer's complaint are that the defendants initiated a collection action against her in the Coshocton County Municipal Court and attempted to levy on certain personal property owned by her at her residence. Ms. Keefer contends that the defendants' actions violated the FDCPA in various ways, including but not limited to threatening to take action that could not legally be taken or that is not intended to be taken, see §1692e(5), and using false, deceptive or misleading means or representations in connection with the collection of a debt, see §1692e(10). She claims that the defendants also knowingly violated the OCSPA by engaging in conduct, including but not limited to exaggerating their legal rights. See Ohio Rev. Code §§1345.02, 1345.03.

Ms. Brightwell alleges in her complaint that the defendants filed a collections action against her in Franklin County, Ohio, despite the fact that she does not reside in Franklin County and did not sign the contract there which was the subject of the defendants' collection action. She further alleges that the defendants then filed a certificate of judgment in Coshocton County, where she resided, and attempted to levy on her household goods. Ms. Brightwell maintains such actions violated the FDCPA in multiple ways, including but not limited to suing consumers in distant forums, see §1692i, and using false, deceptive or

5

misleading means or misrepresentations in connection with the collection of a debt, see §1692e(10). She also asserts that by knowingly filing suit against her in a distant forum, the defendants likewise violated the OCSPA. See Ohio Rev. Code §§1345.02, 1345.03.

V.

In her motion to strike, Ms. Keefer challenges any assertion by the defendants that they are not debt collectors based on 15 U.S.C. §1692a(6)(C). This subsection provides: "The term ['debt collector'] does not include... any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." Interestingly, this statutory provision is not specifically referenced in the defendants' answer, although the defendants did attach Mr. Burkholder's certification as special counsel to the Ohio Attorney General as evidence for the proposition that they are not debt collectors.

The FDCPA applies only to debt collectors. Neff v. Capital Acquisitions & Management Co., 352 F.3d 1118, 1121 (7th Cir. 2003). If the defendants are not debt collectors, they cannot be liable under the FDCPA. Knight v. Schulman, 102 F.Supp.2d 867, 875 n.15 (S.D. Ohio 1999). The defendants' assertion that they are not debt collectors is, therefore, a complete defense to Ms. Keefer's FDCPA claims, and not, as she maintains, legally insufficient.

The cases cited by Ms. Keefer do not involve special counsel to the Ohio Attorney General. The legal question raised by this defense is whether someone who has been appointed as special counsel to the attorney general is properly characterized as a state officer or employee or as an independent contractor. Factual questions underlie this legal issue. Other courts have recognized that this is so. For example, Knight, supra, the

6

court granted the plaintiff's motion to strike an affirmative defense based on §1692a(6)(C) only in conjunction with the defendant's motion for summary judgment and only after substantial discovery had been conducted. See id. at 875. It is therefore appropriate to delay resolution of this important question until the record is more complete and both parties have had a chance to do some discovery to determine the exact nature of the relationship between the State of Ohio and Mr. Burkholder, as well as how that relationship may carry over to his law firm and other lawyers in that firm. None of those questions can be answered by simply referring to the pleadings which have been filed. Consequently, the Court will deny the motion to strike.

VI.

In their motion for judgment on the pleadings, the defendants essentially argue the reverse of what Ms. Keefer contends in her motion to strike. The defendants maintain the fact that Mr. Burkholder acted as special counsel to the Ohio Attorney General in their collection actions defeats Ms. Keefer's and Ms. Brightwell's FDCPA claims based on the exception for state officers and employees under §1692a(6)(C).

First, the Court notes that the motion relies on matters outside the pleadings, including the certification concerning Mr. Burkholder's appointment. A defendant may not add allegations in the answer that go beyond the complaint, attach documents in support of those allegations, and then contend that the pleadings as augmented support a judgment in his favor. There is no basis for believing that the plaintiffs have agreed with these additional assertions because they do not have the chance to respond to the answer.

Second, the same reasons which justify deferring a decision on this same legal issue when it was raised by the motion to strike support the same result on the motion for judgment on the

pleadings.  It simply is not the case that the only facts relevant to the relationship between Mr. Burkholder, other lawyers in his firm, his firm, and the State of Ohio, are contained in the pleadings.  The factual record must be developed before an informed decision can be made on whether the defendants are entitled to the exemption from debt collector status contained in §1692a(6)(C).

The defendants also have not shown that they are entitled to judgment on the pleadings with respect to Ms. Keefer's and Ms. Brightwell's OCSPA claims.  The argument that the complaints do not provide a basis for these claims independent of the FDCPA is unavailing when the FDCPA claims have not been dismissed.  Cf. Lewis v. ACB Business Services,Inc., 135 F.3d 389, 403 (6th Cir. 1998)(district court did not err in finding no violation of OCSPA where plaintiff simply relied on asserted violation of FDCPA to support his OCSPA claims and district court correctly determined that no FDCPA violation had occurred); Federal Home Loan Mortg. Corp. v. Lamar, 503 F.3d 504, 513 (same).

The defendants' contention that the OCSPA does not apply to them because they are not "suppliers" is likewise ineffectual at this stage of the proceedings.  Ms. Keefer and Ms. Brightwell have each alleged in their complaints that the defendants regularly collect or attempt to collect debts and that they knowingly violated the OCSPA in attempting to collect certain consumer debts owed by the plaintiffs.  This Court has held that, under well-settled Ohio and federal law, entities who engage in the business of collecting consumer debts are suppliers under the OCSPA.  Foster v. D.B.S. Collection Agency, 463 F.Supp.2d 783, 809 (S.D. Ohio 2006).  Therefore, assuming that the allegations in the complaints are true, and disregarding (as the Court must do at this stage) any factual arguments to the contrary, the defendants were  engaged in the business of

collecting consumer debts when they undertook the actions described in the complaints.  Accordingly, Ms. Keefer and Ms. Brightwell have alleged sufficient facts to state claims under the OCSPA that are plausible on their face.

VII.

Based on the foregoing reasons, plaintiff Shanda Keefer's motion to strike (#7) and the defendants' cross-motion to dismiss (#8) in Case No. 2:07cv1205 are DENIED.  The defendants' motion for judgment on the pleadings filed in Case No. 2:07cv1205 (#15) and in Case No. 2:07cv1288 (#10) is also DENIED.

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge